IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVIOUS DENARD MOORE,
Inmate No. W30971,
    Plaintiff,

vs.                                      Case No.: 3:18cv1608/LAC/EMT

NEAL MICHAEL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This case filed pursuant to 42 U.S.C. § 1983 is now before the court on Plaintiff's amended complaint (ECF No. 3). Plaintiff also seeks leave to proceed in forma pauperis (ECF No. 4).

    Because Plaintiff seeks to proceed in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations

Page 2 of 6

of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).[1] A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). In civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

---

[1] "The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." Iqbal, 556 U.S. at 696.

Moreover, as the Supreme Court has noted, a complaint is subject to dismissal as frivolous under Section 1915 where the claims do not express a legal interest that actually exists, where they involve "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327–28, 109 S. Ct. 1827 (1989); *see also* Iqbal, 556 U.S. at 696; Denton v. Hernandez, 504 U.S. 25, 32–33, 112 S. Ct. 1728 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios"). Separate from the authority of the court to dismiss for failure to state a claim, the power to dismiss a claim as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833). Thus, under this standard, "wildly implausible allegations in the complaint should not be taken to be true." *Id.*; *see also, e.g.,* Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 515–16 (11th Cir. 1991) (approving dismissal of complaint containing "a rambling account of a conspiracy of prison officials to bribe Cofield into investigating improper behavior by other prison officials. Cofield, allegedly, was placed into administrative detention when he refused the bribe"); Gallop v. Cheney, 642 F.3d 364, 366, 368–69 (2d Cir. 2011) (district

court permitted to sua sponte dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior United States government officials caused the attacks of September 11, 2001); Russ v. Williams, No. 5:14cv164/RS/EMT, 2014 WL 7404060 at *2 (N.D. Fla. Dec. 30, 2014) (dismissing as frivolous claims that were "essentially rooted in [the plaintiff"s] belief that federal agencies are secretly engaged in a conspiratorial vendetta against him whereby every otherwise legitimate action taken by any agency . . . is seen through the lens of this overarching conspiracy that Plaintiff believes exists").

Plaintiff, a prisoner of the State of Florida currently housed at Santa Rosa Correctional Institution ("SRCI"), sues as many as forty-two Defendants, all of whom are employed in varying capacities at SRCI (ECF No. 3 at 1).

Plaintiff alleges that Defendants have formed a "movement" against him, because he is African-American. Plaintiff's allegations include: that "while laying in my bunk I received a sharp pain in my rectum from the device that these officials are using in our food"; that he has been "fed blood by these officials in my beans and a loaf"; that "at times my feet will blow up and instantly go down or my mouth would move without me having to do anything"; that "Defendants' device makes me freezing cold and at times it makes me so hot until it feels as if I have first degree burn"; that

he has had his "motion stopped by these officials because they say I'm not going anywhere until I tell them about Masons, do [sic] to the fact that I had the book called Codac Magica [sic]"; that Defendants' device "hinders me from even seeing, or they would make my eyes cross, they also make my bones disconnect but there [sic] saying they will have me looking like nothing is wrong when the time comes" (ECF No. 3 at 5–6). Plaintiff therefore asserts his Eighth Amendment rights have been violated, for which he seeks monetary and punitive damages, plus injunctive relief.

Plaintiff's claims are clearly the subject of fancy and delusion. His allegations are wholly frivolous in that they describe situations and events that are simply removed from reality. As provided by <u>Neitzke</u> and its progeny, <u>supra</u>, the court has the authority to dismiss cases with factual allegations that at delusional or fantastic. Plaintiff's allegations, which include claims of mental manipulations and being physically controlled by unseen forces, are completely implausible and beyond rational thought.

For the same reasons provided herein, the instant complaint is factually and legally frivolous.

Accordingly, it respectfully **RECOMMENDED**:

1.	That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

2.	That all pending motions be denied as moot.

At Pensacola, Florida, this 21st day of August 2018.


> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:18cv1608/LAC/EMT